UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALTHEA YVONNE MORRELL,

       Plaintiff,

    v.                                  Case No:   8:16-cv-2863-T-DNF

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff, Althea Yvonne Morrell, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

On December 19, 2013, Plaintiff filed an application for a period of disability and DIB, and an application for SSI. (Tr. 235-40, 241-47). In both applications Plaintiff alleged an onset of disability commencing December 1, 2012. (Tr. 235, 241). Plaintiff's applications were denied initially on January 24, 2014, and upon reconsideration on April 28, 2014. (Tr. 144-46, 148-50, 154-58, 160-64). Plaintiff requested an administrative hearing and on September 16, 2015, a hearing was held before Administrative Law Judge Donald Smith (the "ALJ"). (Tr. 57-86). On October 16, 2015, the ALJ entered a decision finding that Plaintiff had not been under a disability from December 1, 2012, through the date of the ALJ's decision. (Tr. 34-47). Plaintiff timely requested review of the ALJ's decision and on August 12, 2016, the Appeals Council denied Plaintiff's request. (Tr. 1-6). Plaintiff commenced the instant action by Complaint (Doc. 1) on October 7, 2016.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2012, her alleged onset date. (Tr. 36). At step two, the ALJ found that Plaintiff had the following severe impairments: epilepsy, obesity, cardiac dysrhythmias/arterial fibrillation, carpal tunnel syndrome, degenerative disc disease, degenerative

joint disease, asthma, sleep apnea, and uterine fibroids. (Tr. 36). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 38).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift 20 pounds occasionally and 10 pounds frequently; stand or walk four hours per day and sit six hours per day. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and/or crawl. The claimant cab [sic] frequently reach, handle, finger; and she must avoid temperature extremes, vibrations and pulmonary irritants. The claimant must work near a restroom facility.

(Tr. 39). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a nurse assistant. (Tr. 45).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 45-46). In reaching this decision, the ALJ relied on the testimony of a vocational expert who stated that an individual with Plaintiff's RFC could perform the jobs of "office helper," "customer security clerk," "cashier II," "survey worker," and "packing line worker." (Tr. 46). The ALJ concluded that Plaintiff was not under a disability from December 1, 2012, the alleged onset date, through October 16, 2015, the date of the ALJ's decision. (Tr. 46-47).

## II. Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to properly evaluate the opinions of medical sources; (2) whether the ALJ's credibility finding complies with

the law and is supported by substantial evidence; and (3) whether the ALJ erred by failing to properly consider all of Plaintiff's impairments. The Court will address each issue in turn.

### A) Whether the ALJ erred by failing to properly evaluate the opinions of medical sources.

Plaintiff argues that the ALJ erred by giving too much weight to the opinions of non-examining physicians. (Doc. 20 p. 14). Specifically, Plaintiff contends that it was improper for the ALJ to give great weight to the opinion of state agency medical consultant Carlos Suarez, M.D. because Dr. Suarez's opinion was offered in 2014, before a significant amount of medical documentation occurred in 2015, including MRIs of Plaintiff's ankle and back, and cardiac stress testing. (Doc. 20 p. 13). Similarly, Plaintiff argues that it was improper for the ALJ to give great weight to the opinion of medical expert Eric Puestow, M.D., who offered his opinion before Plaintiff's August 2015 MRI was performed. In addition, Plaintiff argues that Dr. Puestow improperly stated that Plaintiff that the evidence did not establish documented back pathologies despite the record containing a 2013 cervical MRI that showed mild degenerative disk disease at C3, C4, C5, C6, and C7, and a mild degree of central canal stenosis at C6 and C7. (Doc. 20 p. 13). Plaintiff also argues that it was improper to give Dr. Puestow's opinion great weight because it failed to mention Plaintiff's treatment for bone spurs and Achilles tendonitis. (Doc. 20 p. 14).

Defendant argues that the ALJ considered all of the evidence, including the medical and non-medical evidence, and the ALJ properly evaluated it in accordance with the regulations. (Doc. 21 p. 5). Defendant argues that the ALJ properly gave great weight to the opinions of Dr. Puestow and Dr. Suarez and that his decision to do so is supported by substantial evidence. (Doc. 21 p. 6-10).

The record shows that on April 25, 2014, Dr. Suarez reviewed Plaintiff's medical file and opined that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently;

she could stand/walk for four hours in an eight-hour workday; she could sit for six hours in an eight-hour workday; she could frequently finger, handle, stoop, kneel, crouch, and crawl; she could occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds; she should avoid concentrated exposure temperature extremes; and she should avoid even moderate exposure to pulmonary irritants (Tr. 125-27, 131-34).

On August 14, 2015, Dr. Puestow answered interrogatories from the ALJ. (Tr. 792). Dr. Puestow stated that Plaintiff's diagnoses were primary generalized epilepsy with four seizures; cerebellar tonsillar ectopie with Chiari malformation; hypertension with no end organ damage; proximal atrial fibrillation; sleep apnea, non-compliant with CPAP; no documented peripheral neuropathy or back pathologies; obesity; and uterine fibroids. (Tr. 790). Dr. Puestow opined that Plaintiff could sit for 8 hours, stand and walk for 6 hours, lift 20 pounds occasionally, and 10 pounds frequently, never work around ladders, scaffolds, unprotected heights or drive; she should avoid concentrated exposure to workplace hazards, and could occasionally climb, balance, bend, stoop, kneel, crouch and crawl. (Tr. 792).

In his decision, the ALJ provided that he accorded great weight to Dr. Suarez and Dr. Puestow's respective opinions because the opinons are consistent with the medical evidence of record. (Tr. 44).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for

a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). A doctor's opinion may be discredited when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).

Here, the Court finds that the ALJ did not commit reversible error by improperly evaluating the respective opinions of Dr. Suarez and Dr. Puestow. State agency medical consultants and medical experts are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the record. *See* 20 C.F.R. § 1527. Substantial evidence supports the ALJ's finding that Dr. Suarez and Dr. Puestow's opinions are supported by the medical record. CT scans of Plaintiff's head showed no acute abnormality. (Tr. 392, 569, 640). An EKG was normal other than possible left atrial enlargement, and diagnostic imaging showed no acute pulmonary disease. (Tr. 380-84, 391). A stress test showed no evidence of ischemia. (Tr. 630). An EEG was consistent with primary generalized epilepsy tendency. (Tr. 390). The record however, shows that Plaintiff's seizures were controlled by medication. Specifically, Plaintiff was first diagnosed with seizures in June 2013 and was placed on medication. (Tr. 351, 360-61). She had recurrences in December 2013 and in April and November 2014, and, at the administrative hearing in September 2015, she testified that she had not had any additional seizures since then. (Tr. 66-67, 543, 622-23, 633-34). EEGs from 2014 were normal (Tr. 496, 568).

In addition, a MRI of Plaintiff's cervical spine showed mild degenerative changes with very mild central canal stenosis at C6-7. (Tr. 393). On neurological exam, Plaintiff's physicians reported no abnormalities. (Tr. 498, 499, 501, 578, 619, 623, 626-27). Similarly, on physical

examination, Plaintiff's physicians reported no abnormalities (Tr. 418, 499, 546, 635-37), and her low back pain was noted to be stable. (Tr. 501, 622, 624).

As to Plaintiff's argument that the ALJ erred by relying on the opinions of Dr. Suarez and Puestow because their opinions were offered before the August 2015 MRI of Plaintiff's lumbar spine, the Court rejects this argument as grounds for remand. In his decision, the ALJ specifically considered the results of Plaintiff's 2015 lumbar MRI when assessing her RFC. (Tr. 42, 43). While the ALJ assigned great weight to Dr. Suarez and Puestow's opinions, he did not assign them controlling weight, and the ALJ's RFC finding, which was based upon all the evidence of record, is more restrictive than the limitations found in Dr. Suarez and Puestow's opinions. (Tr. 39, 131-34, 792). In addition, while Plaintiff is correct that Dr. Puestow did not mention that he considered Plaintiff's Achilles tendonitis and heel spurs, this fact does not undermine the ALJ's decision to accord the opinion great weight. Plaintiff fails to show that these conditions caused Plaintiff work related limitations greater than assessed by Dr. Puestow or the ALJ in his RFC finding.

**B) Whether the ALJ's credibility finding complies with the law and is supported by substantial evidence.**

Plaintiff argues that the ALJ erred by finding Plaintiff not entirely credible because her "allegedly limited daily activities cannot be objective verified with any reasonable degree of certainty." (Doc. 20 p. 16) (Tr. 43). Plaintiff contends that daily activities can never be objectively verified and it was improper to apply this standard to Plaintiff's daily activities. (Doc. 20 p. 16). In addition, Plaintiff argues that the ALJ erred by finding Plaintiff not entirely credible on the basis that the medical evidence did not support the degree of limitation Plaintiff alleged and that Plaintiff's medical treatment was routine and conservative in nature consisting of mostly medication refills. (Doc. 20 p. 16). Plaintiff contends that the record shows significant evaluation and testing, and numerous referrals to specialists for further evaluation. (Doc. 20 p. 16).

In response, Defendant argues that the ALJ did not reject Plaintiff's testimony about her daily activities and subjective complaints simply because they could not be verified, but found that even if Plaintiff's activities were as limited as alleged, other evidence outweighed Plaintiff's complaints of limited daily activities. (Doc. 21 p. 12). Further, Defendant argues that the evidence of record does not support Plaintiff's subjective complaints but rather the ALJ's RFC finding. (Doc. 21 p. 13).

The Eleventh Circuit three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Charter*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination may be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activates, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. *See* 20 C.F.R. § 404.1529.

Here, the Court finds that the ALJ did not commit reversible error in his evaluation of Plaintiff's credibility. In his decision, the ALJ addressed Plaintiff's daily activities as follows:

Although the claimant has described activities that are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant's functioning to be severely limited. First, allegedly limited daily activities cannot be objective verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the medical evidence and other factors discussed in the decision. Overall, the claimant's reported limited daily activities are outweighed by the other factors discussed in this decision.

(Tr. 43). Contrary to Plaintiff's argument, the ALJ did not outright reject Plaintiff's daily activities on the basis that they were not objectively verified, but instead noted that the alleged limitation of her daily activities was outweighed by the other factors discussed by the ALJ in his decision. Further, while Plaintiff cites to medical evidence to show that her treatment was not routine and conservative, none of this evidence demonstrates that Plaintiff was more limited than found by the ALJ in his RFC finding. Additionally, this evidence does not undermine the ALJ's finding that, on physical examination, her physicians found that Plaintiff was not in acute distress; her respiratory system was without wheezes, rhales, or rhonchi and she had good air movement; her cardiovascular system was without murmurs, rubs, or gallops; she had full range of motion; her cranial nerves were intact; her gait and station were independent; her sensation was intact; her motor strength was 5/5; she had normal muscle tone and bulk; she had no spine tenderness; and straight leg raising was fairly full (Tr. 41-42, 43, 418, 498, 499, 501-02, 546, 578, 619, 623, 624-25, 626-27, 636-37).

Plaintiff has failed to demonstrate that the ALJ erred in his evaluation of Plaintiff's credibility. Accordingly, the Court will not disturb the ALJ's credibility finding on review.

**C) Whether the ALJ erred by failing to properly consider all of Plaintiff's impairments.**

Plaintiff argues that the ALJ erred by failing to consider Plaintiff's impairment of bone spurs in her heel and insertional Achilles tendonitis bursitis with retro calcaneal exostosis/Haglund's deformity, right, diagnosed by orthopedist Dr. Perler. (Doc. 20 p. 18). Plaintiff argues that the ALJ failed to note that Plaintiff had been diagnosed with these conditions nor determine whether Plaintiff had work related limitations due to these impairments. (Doc. 20 p. 19). Plaintiff contends that the record contains evidence that these conditions caused work related limitations, such as the treatment note from Turley Family Health Center in March 2015 which indicated Plaintiff was unable to drive or walk as much due to foot and ankle pain, and the treatment note from July 2015 indicating she had gained 18 pounds, which could be indicative of sedentary behavior from pain. (Doc. 20 p. 19) (Tr. 694, 713).

In response, Defendant argues that the medical evidence relied upon by Plaintiff fails to demonstrate that Plaintiff's heel spurs or Achilles tendonitis significantly affect her ability to perform work-related activities. (Doc. 21 p. 15). Further, Defendant argues that the ALJ found in Plaintiff's favor at step two by finding at least one severe impairment and, therefore, any error the ALJ may have committed by failing to find Plaintiff's heel spurs and Achilles tendonitis would be harmless. (Doc. 21 p. 16).

Here, the Court finds that the ALJ did not err by failing to properly consider all of Plaintiff's impairments. In his decision, the ALJ noted Plaintiff's heel spurs and treatment for tendon problems when assessing Plaintiff's RFC. (Tr. 41, 42). Furthermore, the evidence relied upon by Plaintiff does not demonstrate that her heel spurs or Achilles tendonitis significantly affected her ability to perform work-related activities. Rather, some of the evidence cited by Plaintiff undermines her contentions that the heel spurs and Achilles tendonitis caused work-related

limitations. For example, in the March 2015 report from Turley Family Health Center from which Plaintiff cites, it was noted that Plaintiff walked much more than she did previously. (Tr. 713). The ALJ properly considered Plaintiff's impairments and substantial evidence supports the ALJ's RFC determination.

## III.    Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 9, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties